Filed 6/4/26  P. v. Myers CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B341274 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. A577750) |
| v. | |
| BYRON CHAPIN MYERS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Dorothy L. Shubin, Judge.  Affirmed with directions.

Michele A. Douglass, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Wyatt E. Bloomfield and Christopher G. Sanchez, Deputy Attorneys General, for Plaintiff and Respondent.

—————————————

Byron Chapin Myers appeals from a judgment entered after resentencing, contending the superior court erred by reimposing upper terms for his kidnapping, rape, and forcible oral copulation convictions. We disagree and affirm, subject to ordering the abstract of judgment modified to correct the calculation of Myers's custody credits and another clerical error.

## BACKGROUND

In 1989, a jury convicted Myers of kidnapping (Pen. Code,[1] § 207, subd. (a); count 1), robbery (§ 211; count 2), unlawful driving or taking of a vehicle (Veh. Code, § 10851, subd. (a); count 3), forcible rape (§ 261; count 4), forcible oral copulation (§ 288a; count 5), kidnapping for robbery (§ 209, subd. (b); count 6), and felon in possession of a firearm (§ 12021, subd. (a); count 7). The jury also found true that Myers personally used a firearm. (§§ 12022.3, subd. (a), 12022.5, subd. (a).) Myers later admitted he had served a prior prison term. (§ 667.5, former subd. (b).)

Myers was ultimately sentenced to imprisonment for life with the possibility of parole plus 36 years four months, calculated as follows: a life term plus two years on count 6, eight years plus two years on count 1, eight months on count 3, eight years plus three years on count 4, eight years plus three years on count 5, eight months for count 7, and one year for the prior prison term enhancement. Count 2 was stayed. The sentences imposed on counts 1, 4, and 5 were the upper term (plus enhancements). The abstract of judgment (filed in 1992) failed to include the two-year firearm enhancement on count 6 despite the court's imposition of it. It accordingly misstated the determinate

_____

[1] Undesignated statutory references are to the Penal Code.

2

portion of the sentence as 34 years four months instead of the correct amount of 36 years four months. The court awarded 445 days of custody credit (247 actual days and 198 conduct days).

After the Department of Corrections and Rehabilitation (CDCR) identified Myers as eligible for resentencing, the court appointed counsel for Myers and that counsel requested resentencing pursuant to section 1172.75. The People objected to any reduction of the sentence beyond striking the one-year prior prison term enhancement. That objection was based primarily on Myers's offense conduct, which involved him kidnapping a college student, commandeering her car, and forcing her into the car's trunk. After driving around for about 40 minutes with his victim in the trunk, Myers released her and, at gunpoint, made her withdraw cash from an ATM machine. He then forced her to accompany him to a motel, where he used her cash to pay for a room. He gagged her and tied her to the bed spreadeagled before orally copulating her and forcibly penetrating her vagina with his penis. She later escaped and contacted police. The People further noted Myers's prior criminal history which included convictions for false imprisonment and assault with a deadly weapon.

The court conducted a full resentencing. Myers waived his appearance and was not present. The court struck the one-year prior prison term enhancement as required by section 1172.75. Noting the "highly egregious" facts of the case and the continuing danger to public safety posed by Myers, the court declined to reduce any other aspect of the sentence and, among other things, reimposed the upper term on counts 1, 4, and 5. Apparently based on the 1992 abstract of judgment (which as noted failed to include the previously imposed two-year firearm enhancement on count 6), the court believed the determinant portion of Myers's

3

prior sentence was 34 years four months rather than 36 years four months. After subtracting the one-year prior prison term enhancement, the superior court accordingly calculated the new determinant portion as 33 years four months. The court failed to calculate or award any custody credits, instead ordering the "[s]tate [p]rison" to do so.

Myers timely appealed.

## DISCUSSION

### A. The Court Did Not Err in Imposing Upper Terms

Myers contends the court erred in resentencing him to the upper term for counts 1, 4, and 5. He argues the court failed to apply section 1170, subdivision (b)(2), which the Legislature enacted after Myers's conviction and which allows imposition of the upper term only where aggravating circumstances supporting such a term are either stipulated or proven beyond a reasonable doubt to a trier of fact.

#### 1. *The Evolution of Section 1170*

When Myers was originally sentenced, section 1170, subdivision (b) "required that, when a statute specified three terms, 'the court shall order imposition of the middle term, unless there are circumstances in aggravation or mitigation of the crime.' (Former § 1170[, subd. ](b); Stats. 1977, ch. 165, § 15, p. 648; Stats. 1998, ch. 926, § 1.5, p. 6207; see *Cunningham*[ *v. California* (2007) 549 U.S. 270, ]277-278 [127 S.Ct. 856, 166 L.E.2d 856].)" (*People v. Lynch* (2024) 16 Cal.5th 730, 746.) Under this scheme, the trial court, not the jury, determined the facts bearing on aggravation employing a preponderance of the evidence standard. (*Ibid*.)

In 2007, after Myers's sentence had become final, the United States Supreme Court held this sentencing regime

4

unconstitutional because the maximum to which a defendant could be sentenced based on the jury's findings was the middle term, such that the elevated punishment of an upper term sentence based solely on judicial factfinding violated the Sixth Amendment. (*Cunningham v. California, supra*, 549 U.S. 270.) *Cunningham*'s invalidation of the pre-2007 sentencing scheme did not apply to sentences such as Myers that were already final. (*People v. Dozier* (2025) 116 Cal.App.5th 700, 715-716 [citing *In re Gomez* (2009) 45 Cal.4th 650, 660], review granted Feb. 11, 2026, S294597.)

In response to *Cunningham*, the Legislature amended section 1170 to provide that going forward the choice of sentence within a sentencing triad rested with the trial court, thus eliminating the requirement of a judge-found factual finding to impose an upper term. (See *People v. Lynch, supra*, 16 Cal.5th at p. 747.)

In 2022, the Legislature made further ameliorative amendments to section 1170. Section 1170, subdivision (b) now provides that the trial court may impose a sentence exceeding the middle term only when "there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term and the facts underlying those circumstances have been stipulated to by the defendant or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1170, subd. (b)(2); *People v. Lynch, supra*, 16 Cal.5th at p. 748; *People v. Brannon-Thompson* (2024) 104 Cal.App.5th 455, 466.) Where a trial court violates amended section 1170, subdivision (b) by relying on unproven aggravating facts to impose an upper term sentence, the sentence also violates the Sixth Amendment. (*People v. Lynch, supra*, at p. 760.) These 2022 amendments to section 1170 did not apply

retroactively to defendants whose sentences were already final. (*People v. Lynch, supra,* at p. 742; *People v. Dozier, supra,* 116 Cal.App.5th at p. 716.)

2.     *Section 1172.75*

In 2021, the Legislature enacted what is now section 1172.75.[2]  That section provides a resentencing procedure that eliminates sentence enhancements for prior prison terms unless the prior terms were for sexually violent offenses.  (Stats. 2021, ch. 728, § 3.)  If the sentence, as here, includes such an enhancement, the trial court is required to recall the sentence and resentence the defendant *ab initio.*  (§ 1172.75, subd. (c).)  Under subdivision (d)(2) of section 1172.75, in resentencing a defendant the court must apply all ameliorative changes in the law.  Subdivision (d)(2) of section 1172.75 " ' "requires a full resentencing, not merely that the trial court strike the newly 'invalid' enhancements." ' "  (*People v. Grajeda* (2025) 111 Cal.App.5th 829, 836.)

Absent language to the contrary in section 1172.75, section 1170, subdivision (b)'s new factfinding requirement would apply to Myers's resentencing not only because subdivision (d)(2) of section 1172.75 directs the resentencing court to apply ameliorative changes in the law but also because we presume that the Legislature intends ameliorative changes to apply in all cases that are nonfinal, including cases which became nonfinal

---

[2] Upon enactment the statute was initially codified as section 1171.1, but in 2022 the Legislature renumbered it section 1172.75 without substantive change.  (Stats. 2021, ch. 728, § 3; Stats. 2022, ch. 58, § 12.)  For ease of reference, we refer to section 1172.75 throughout.

6

due to resentencing. (See *People v. Padilla* (2022) 13 Cal.5th 152, 162-163.)

Subdivision (d)(4) of section 1172.75, however, provides an exception to the new factfinding requirements. It states: "*Unless the court originally imposed the upper term*, the court may not impose a sentence exceeding the middle term unless there are circumstances in aggravation that justify the imposition of a term of imprisonment exceeding the middle term, and those facts have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (*Ibid*., italics added.) In *Brannon-Tompson*, our colleagues in the Third District held that subdivision (d)(4) of section 1172.75 unambiguously permits a resentencing court to reimpose an upper term—without heightened factfinding—if it imposed the term originally. (*People v. Brannon-Thompson*, *supra*, 104 Cal.App.5th at pp. 466-467.) "[T]he new burden of proof amendments to section 1170, subdivision (b) apply only if the trial court is imposing the upper term for the first time at a section 1172.75 resentencing." (*Ibid*.) Here, the trial court reimposed the upper term sentence initially imposed in 1989. Thus, pursuant to subdivision (d)(4) of section 1172.75, the court had no obligation to apply the 2022 heightened factfinding requirement in section 1170, subdivision (b).

Myers urges us to reject the reasoning of *Brannon-Thompson* in favor of the Sixth District's decision in *People v. Gonzalez* (2024) 107 Cal.App.5th 312, 330, which expressly disagreed with *Brannon-Thompson*. In *Gonzalez*, the court reversed the reimposition of an upper term sentence under section 1172.75 because the resentencing court had not complied with the amended section 1170, subdivision (b).

The *Gonzalez* court "acknowledge[d] that the plain language of section 1172.75, subdivision (d)(4), on its face, could be interpreted as not requiring proof of aggravating factors before reimposing an upper term sentence." (*People v. Gonzalez, supra*, 107 Cal.App.5th at pp. 328-329.) The court stated, however, that "another reasonable interpretation of section 1172.75, subdivision (d)(4) would simply *restrict the scope of defendants eligible to receive the upper term* at resentencing to those who previously received the upper term, instead of creating a condition or exception independently justifying the imposition of the upper term." (*Id.* at p. 329.) Under this interpretation, only a defendant originally sentenced to the upper term would be eligible to be resentenced to the upper term, but even then, the court could not impose the upper term sentence without proof of aggravating factors beyond a reasonable doubt. (*Ibid.*) The *Gonzalez* court found this interpretation was necessary to avoid a Sixth Amendment violation under *Lynch*, which held that under amended section 1170, subdivision (b), " 'a Sixth Amendment violation occurs when the trial court relies on unproven aggravating facts to impose an upper term sentence.' " (*People v. Gonzalez, supra*, at p. 330.)[3]

We disagree with *Gonzalez*. As a preliminary matter, the construction of subdivision (d)(4) of section 1172.75 that *Gonzalez* advances clashes with the statute's wording and grammatical structure. *Gonzalez* reads the first clause of the subdivision as though it is appended to the end of the provision by the

---

[3] Our Supreme Court has granted a petition for review that presents the question over which *Brannon-Thompson* and *Gonzalez* split. (See *People v. Eaton* (Mar. 14, 2025, C096853) [nonpub. opn.], review granted May 14, 2025, S289903.)

conjunction "and." But the first clause of the subdivision begins with the word "unless"—a subordinating conjunction that signals an exception—and the clause appears at the beginning of the provision set off by a comma, indicating that it modifies the text that follows.

Moreover, it is unnecessary to look beyond the plain meaning of subdivision (d)(4) of section 1172.75 because no Sixth Amendment violation threatens here. As our colleagues in Division Seven explained in a similar case involving a defendant originally sentenced prior to *Cunningham*, "In enacting section 1172.75, subdivision (d)(4), the Legislature extended the benefit of the new heightened factfinding requirements in sections 1170 and 1170.1 on resentencing to defendants who were previously sentenced to the lower or middle term, but not to defendants . . . who previously received the upper term. . . . [¶] We presume that, when the Legislature enacted section 1172.75, it was aware of the previous versions of sections 1170 and 1170.1 and the United States Supreme Court's decision in *Cunningham*[ *v. California*], *supra*, 549 U.S. 270. . . . Therefore, we presume the Legislature intended that, under section 1172.75, subdivision (d)(4), some defendants previously sentenced to an upper term based on judicial factfinding could be resentenced to an upper term without any new heightened factfinding. The Legislature was entitled to make that choice in enacting this ameliorative legislation." (*People v. Dozier*, *supra*, 116 Cal.App.5th at pp. 714-715.)

"By not extending the new heightened factfinding requirements to defendants like [Myers] previously sentenced to an upper term, the Legislature left them in the same position they were in before resentencing—unable to take advantage of a nonretroactive ameliorative change in the law. Section 1172.75,

9

subdivision (d)(4), in effect made the new heightened factfinding requirements retroactive for some, but not all, defendants eligible for resentencing under section 1172.75.  That was not unconstitutional." (*People v. Dozier*, *supra*, 116 Cal.App.5th at p. 716, fn. omitted.)

During Myers's resentencing proceeding, the trial court permissibly elected to retain the upper term sentences previously imposed.  We thus decline Myers's invitation to follow *Gonzalez*.[4]

## B.     Necessary Corrections to the Abstract of Judgment

Myers and the Attorney General agree, and we concur, that the amended abstract of judgment fails to reflect the appropriate calculation of custody credits for time already served by Myers. (*People v. Buckhalter* (2001) 26 Cal.4th 20, 41.)  The 445 days that Meyers received at his original sentencing (247 days actual credit and 198 days conduct credit) should have been combined with the 12,838 days of custody credit for the time from Myers's original sentencing on July 14, 1989 to the date of the resentencing on September 5, 2024.

The Attorney General notes one other error in the abstract of judgment that merits correction and which Myers does not dispute.[5]  As mentioned above, the abstract of judgment

---

[4] Because the trial court did not err, we need not address whether Myers forfeited his claim by failing to object to the imposition of the upper term or whether Myers's trial counsel was ineffective for failing to make such an objection.

[5] The Attorney General also contends we should direct the court to strike any remaining unpaid restitution fine pursuant to section 1465.9, subdivision (d) because Myers was originally sentenced more than 10 years ago.  Had the court imposed any such fine we would agree, but it did not.  Nothing in the record indicates the court ever imposed a restitution fine.  That omission

incorrectly calculates the determinant portion of Myers's sentence by failing to include the two-year firearm enhancement imposed on count 6. On remand, the clerk is to correct the abstract of judgment to reflect that missing enhancement, and that the total sentence imposed is life imprisonment with the possibility of parole, plus 35 years four months.

## DISPOSITION

The judgment is affirmed subject to the clerk correcting the abstract of judgment upon remand (1) to award Myers 13,283 days of custody credit (13,085 days of actual credit and 198 days conduct credit), and (2) to reflect the imposition of a two-year enhancement under section 12022.5, subdivision (a) on count 6, and that the total determinant portion of Myers's sentence is 35 years four months plus the indeterminate term of life with the possibility of parole. The court is to forward a copy of the amended abstract of judgment to the CDCR.

NOT TO BE PUBLISHED


WEINGART, J.


We concur:



ROTHSCHILD, P. J.          M. KIM, J.

---

is unsurprising as the restitution fine under section 1202.4 was not enacted until after Myers committed his crime and after he was originally sentenced. (See former § 1202.4, enacted by Stats. 1998, ch. 587, § 5.5.)